UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIK STIEN, | : |
| *Plaintiff,* | : |
| | : Civil Action No. |
| v. | : |
| | : |
| JEFFREY BLAU | : **JURY TRIAL DEMANDED** |
| and MANDELL & BLAU, M.D.'s, P.C. | : |
| | : |
| *Defendants.* | : Dated: March 17, 2016 |
| | : |

**Complaint**

Plaintiff Erik Stien ("Dr. Stien"), for his complaint against defendants Mandell & Blau, M.D.'s, P.C. ("M&B") and Jeffrey Blau ("Dr. Blau"), alleges as follows:

**Nature Of The Action**

1.	Plaintiff is a physician who was initially employed by defendants as a non-stockholder employee, pursuant to written agreements signed in March and April 2007 (the "2007 Agreement") and September 2010 (the "2010 Agreement"), copies of which are attached hereto as Exhibit A and Exhibit B, respectively.

2.	From September 1, 2012 through June 30, 2015, Plaintiff was employed by defendants as a stockholder employee pursuant to a written employment agreement dated November 30, 2012,

with an effective date of September 1, 2012 (the "Employment Agreement"), a copy of which is attached hereto as Exhibit C.

3. Plaintiff submitted a resignation letter on or about March 23, 2015, which was accepted by the defendants with an effective date of June 30, 2015.

4. This action arises out of the defendants' willful failure to pay Dr. Stien wages owed to him pursuant to the 2007 Agreement, 2010 Agreement and the Employment Agreement.

5. Plaintiff alleges breach of contract, breach of the implied covenant of good faith and fair dealing and violation of the wage payment provisions of Connecticut General Statutes Section 31-72 *et seq.*

**Parties**

6. Plaintiff Dr. Stien is an individual with a principal place of residence at 9 Bournes Pond Road, East Falmouth, Massachusetts.

7. Defendant M&B is a Connecticut professional corporation with a principal place of business located at 124 Hebron Avenue, Suite 1B, Glastonbury, Connecticut.

8. Defendant Dr. Blau is an individual with a principal place of residence at 9 The Crossways, West Hartford, Connecticut.

## Jurisdiction

9. This Court has jurisdiction over this action under the provisions of 28 U.S.C. Section 1332, as the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.

10. This Court has personal jurisdiction over the Defendants, and venue is proper in this District under 28 U.S.C. Section 1391(b), because both Defendants are residents of the State of Connecticut, and the wrongful acts complained of occurred in this District.

## General Allegations

11. Prior to the execution of the Employment Agreement, Dr. Stien was employed by M&B as a non-stockholder employee, pursuant to written agreements signed in March and April 2006 (the "2007 Agreement") and September 2010 (the "2010 Agreement").

12. On or about November 30, 2012, Dr. Stien and Dr. Blau executed the Employment Agreement, with an effective date of September 1, 2012.

13. The Employment Agreement was to continue until terminated pursuant to its terms.

14. Pursuant to Section III.A. of the Employment Agreement, Dr. Stien was entitled to be compensated as follows:

> For services rendered by the Employee under this Agreement, the Employer each year (a) shall pay to the Employee compensation (salary and bonus), (b) shall provide an allowance for expenses, and (c) may make a contribution to the Employer's qualified defined contribution plan, all of which shall constitue the Employee's compensation hereunder (hereinafter referred to as "Compensation"). The Compensation of the Employee shall be equal to the Compensation of the other stockholders who are full time Employees (excluding the additional compensation paid to Jeffrey S. Blau, M.D. or his successor for his services as the Managing Physician). Any expense allowances not utilized in any calendar year will be paid as additional salary to the Employee? [sic]

15. At all times that the Employment Agreement was in effect, Dr. Stien was a full time employee and stockholder of M&B.

16. Pursuant to Section X of the Employment Agreement, Dr. Stien was entitled to voluntarily terminate his employment as follows:

> The Employee may voluntarily terminate his employment with the Employer at any time by giving the Employer twelve (12) months' prior written notice, and at the expiration of such twelve (12) month period (or earlier, if the parties so agree), the Employee's employment shall be deemed terminated and his compensation shall be prorated to the last day that the Employee rendered services for the Employer. Notwithstanding the foregoing, after receipt of notice from the Employee of his intent to terminate employment, the Employer may terminate the Employee's employment by giving the Employee six (6) months prior written notice and at the expiration of said six (6) month period (or shorter period, if the parties so agree), the Employee's employment shall be deemed terminated and his Compensation shall be prorated to the last day the Employee rendered service for the Employer.

17. On or about March 23, 2015, Dr. Stien communicated to Dr. Blau, in writing, his intention to voluntarily resign from M&B.

18. Following Dr. Stien's March 23rd resignation letter, there were discussions between Dr. Stien and other stockholders of M&B regarding the effective date of Dr. Stien's termination, with an agreement reached that his last date of employment would be June 30, 2015.

19. Dr. Stien provided services, pursuant to the Employment Agreement, through June 30, 2015, as agreed.

20. Both prior to and subsequent to his last date of employment, Dr. Stien repeatedly requested confirmation from defendants that he would be paid the compensation due to him, pursuant to the Employment Agreement and, in particular, pursuant to Section X, which states that "his Compensation shall be prorated to the last day the Employee rendered service for the Employer."

21. Because as Dr. Stien provided services through June 30, 2015, he is entitled to receive 50% of his 2015 Compensation, as defined in Section III.A. of the Employment Agreement.

22. Throughout Dr. Stien's tenure under the Employment agreement, he and the other full time employee stockholders were typically paid a monthly draw plus periodic additional distributions of profits referred to as bonuses during the calendar year, with the larger percentage of payments made during the second half of each year.

23. In 2013, for example, the salary and bonus component of Dr. Stien's Compensation totaled $416,119.37, of which he received $159,506 during the period of January 1, 2013 – June 30, 2013, and $256,613.37 during the period of July 1, 2013 – December 31, 2013.

24. In 2014, for example, the salary and bonus component of Dr. Stien's Compensation totaled $399,056.06, of which he received $154,340 during the period of January 1, 2014 – June 30, 2014, and $244,716.06 during the period of July 1, 2014 – December 31, 2014.

25. In 2015, Dr. Stien received payments of salary and bonus totaling $157,463 during the period of January 1, 2015 – June 30, 2015.

26. On information and belief, the total payments of salary and bonus received by M&B full time stockholder employees for 2015 was approximately $400,000, which would have been consistent with 2014 and 2013.

27. Pursuant to the Employment Agreement, Dr. Stien is entitled to be paid prorated Compensation for 2015, amounting to 50% of what he would have been paid if he had been employed for the entire year.

**Claims for Relief**

**COUNT I – Breach of Contract Employment Agreement (Against M&B)**

1.-27. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 27 as if fully set forth herein.

28. Dr. Stien complied with his obligations under the Employment Agreement.

29. M&B has failed and refused, despite demand, to pay Dr. Stien the balance of the Compensation owed to him pursuant to his Employment Agreement.

30. As a result of M&B's breach of the Employment Agreement, Dr. Stien has suffered damages.

**COUNT II – Breach of Contract – 2007 Agreement and 2010 Agreement (Against M&B)**

1.-12. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 12 as if fully set forth herein.

13. Dr. Stien complied with his obligations under the 2007 Agreement and the 2010 Agreement.

14. M&B has failed and refused, despite demand, to pay Dr. Stien the balance of the Compensation owed to him pursuant to the 2007 Agreement and the 2010 Agreement.

15. As a result of M&B's breach of the 2007 Agreement and the 2010 Agreement, Dr. Stien has suffered damages

**COUNT III – Breach of the Implied Covenant of Good Faith and Fair Dealing (Against M&B)**

1.-27. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 27 as if fully set forth herein.

28. The 2007 Agreement, the 2010 Agreement and the Employment Agreement carried with them an implied covenant of good faith and fair dealing, pursuant to which M&B was required to refrain from conduct that would deprive Dr. Stien from receiving the reasonably expected benefits of those agreements.

29. Dr. Stien reasonably expected to receive the benefits of the 2007 Agreement, the 2010 Agreement and the Employment Agreement.

30. M&B breached the implied covenant of good faith and fair dealing by refusing to pay Dr. Stien all of the Compensation to which he is entitled under the 2007 Agreement, the 2010 Agreement and the Employment Agreement.

**COUNT IV – Violation of Conn. Gen. Stat. Section 31-72 (Against M&B and Dr. Blau)**

1.-27.  Plaintiff repeats and realleges the allegations of Paragraphs 1 through 27 as if fully set forth herein.

28.  M&B and Dr. Blau are "employers" as that term is defined in Conn. Gen. Stat. Section 31-71a(1).

29.  Dr. Stien was an "employee" of M&B and Dr. Blau as that term is defined in Conn. Gen. Stat. Section 31-71a(2).

30.  Dr. Stien's Compensation constitutes "wages," within the meaning of Conn. Gen. Stat. Section 31-71a(3).

31.  M&B and Dr. Blau have failed and refused, despite demand, to pay Dr. Stien the balance of the wages owed to him.

32.  By refusing to pay Dr. Stien the wages due and owing to him, M&B and Dr. Blau wrongfully withheld wages from him in violation of Conn. Gen. Stat. Sections 31-71c, 31-71d and/or 31-71e.

33.  Defendants' failure and refusal to pay Dr. Stien the wages due and owing to him is without justification has caused him to suffer damages.

34.  As a result of the actions of M&B and Dr. Blau, Dr. Stien is entitled to recover double damages and attorney's fees pursuant to Conn. Gen. Stat. Section 31-72.

**WHEREFORE**, Plaintiff, Erik Stien claims the following relief:

1. Compensatory damages;

2. Punitive damages under common law (Count III);

3. Double damages pursuant to Connecticut General Statutes §31-72 (Count IV);

4. Attorney's fees and costs pursuant to Connecticut General Statutes §31-72 (Count IV);

5. Interest pursuant to Connecticut General Statutes §37-3a on all sums wrongfully withheld and retained by Defendants; and

6. Any and all further relief the Court may deem just and equitable.

**Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.**

        THE PLAINTIFF

BY: _____
        Stuart M. Katz (ct 12088)
        Cohen and Wolf, P.C.
        1115 Broad Street
        Bridgeport, CT 06604
        Tel: (203) 368-0211
        Fax: (203) 337-5505
        E-Mail: skatz@cohenandwolf.com